**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

   vs.                                                 5:19-CV-1635
                                                          (TJM/TWD)

**KENNETH J. ROOF, CHRISTINA ROOF, a/k/a**
**Christina M. Elzinga, THE NEW YORK STATE**
**AFFORDABLE HOUSING CORPORATION,**
**SAMARITAN MEDICAL CENTER, ROSINA VANSELF,**
**JOHN DOE, MARY ROE, and XYZ CORPORATION,**

                **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

    Plaintiff United States of America filed a Complaint in the instant action on December 30, 2019. See dkt. # 1. The Complaint alleges that the Plaintiff United States of America, through the Rural Housing Service or its successor agency, the United States Department of Agriculture, lent Defendant Kenneth J. Roof $100,250, to be repaid at 5.750% interest in monthly installments over a specified term. Id. at ¶ 2. Roof signed a promissory note, dated September 7, 2007. Id. at ¶ 3. Defendants Kenneth Roof and Christina M. Elzinga, a/k/a Christina Roof, executed, acknowledged, and delivered a mortgage as security for the loan on the same day. Id. at ¶ 4. The mortgaged premises were located at 15506 County Route 63, Adams Center, New York. Id. Plaintiff holds the

1

mortgage. Id. at ¶ 6. Defendants fell behind on their mortgage and property tax payments, and the United States had to make tax payments to protect its interests. Id. at ¶ 7. Because of those defaults, Plaintiff has decided to declare the entire sum secured by the mortgage due and payable. Id. at ¶ 8.

Plaintiff then filed the instant action, seeking foreclosure of the property and damages. Defendants did not answer, and the Clerk eventually granted Plaintiff's request for entry of default. See dkt. # 16. Plaintiff filed a motion for default judgment. See dkt. # 19. The Court granted that motion in part and denied the motion in part without prejudice. See dkt. # 20. The Court found that Plaintiff had not properly explained how the Plaintiff calculated the amount owed, and directed the Plaintiff to provide additional information.

Plaintiff has now renewed the motion for default judgment and provided the Court with information about how Plaintiff calculated the amount due on the mortgage. See dkt. # 22. Though the Court is to "[accept] as true all well pleaded allegations against a defaulting defendant for purposes of determining liability," the Plaintiff is still required to present evidence to establish the amount of damages. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). Thus, "the quantum of damages must be established by proof unless the amount is liquidated or susceptible to mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Though "'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Bravado Int'l Group Merch. Servcs. v. Ninna, Inc., 655 F.Supp.2d 177, 190 (E.D.N.Y. 2009) (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)). Instead, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." Fustok, 122 F.R.D. at 156.

Having examined the documentary evidence provided by the Plaintiff, the Court concludes that Plaintiff has established the amount of damages as a sum certain and that no hearing is required. The Court will therefore GRANT Plaintiff's motion for default judgment, dkt. # 22, as follows:

1. The mortgaged premises described in the Complaint ("the property in question"), more commonly known as 15506 County Route 63, Adams Center, NY 13606, a parcel of land improved with a single family home, shall be sold in and as one parcel;

2. Such sale shall be conducted at a public auction at the Supreme Court Courthouse for Jefferson County, New York, 317 Washington St., Watertown, NY 13601 or at another such suitable location, by and under the direction of the United States Marshals Service for the Northern District of New York,[1] which is hereby directed to make the sale of the mortgaged premises;

3. The United States Marshal shall give public notice of the time and place of the sale as follows:

    a. The United States Marshal shall cause to be sent by mail, a copy of the Notice of Sale by depositing the notice in a prepaid wrapper addressed to:

        i. Kenneth J. Roof
           15506 County Route 63

---

[1] Plaintiff's proposed order directs the United States Marshal for the Western District of New York to undertake the sale. The Court concludes that the Court's authority resides in the Northern District of New York.

3

        Adams Center, NY 13606;
- ii. Christina M. Roof, a/k/a Christina M. Elzinga
  403 Shipyard Drive
  Sackets Harbor, NY 13685;
- iii. The New York State Affordable Housing Corporation
  641 Lexington Avenue
  New York, NY 10022;
- iv. Samaritan Medical Center
  830 Washington Street
  Watertown, NY 13601; and
- v. Rosima Vanself
  409 Clay Street
  Watertown, NY 13601;

    b. The United States Marshal shall post copies of the Notice of Sale in three (3) conspicuous public places in Jefferson County, New York;

    c. The United States Marshal shall cause the notice to be published once weekly for four consecutive weeks in the Watertown Daily Times, a newspaper of general circulation in Jefferson County, New York. The notice shall contain the full legal description of the property set forth in Schedule A of this Order. The notice may refer to the property as "15506 County Route 63, Adams Center, New York, 13606";

4. The Plaintiff or any other party to this action may become a purchaser of the property in question at the scheduled sale;

5. The United States Marshal shall execute to the purchaser of the property upon such sale a deed of the premises sold and upon receiving the proceeds of the sale shall pay the following items:

    a. United States Marshal's fees and commissions on the sale not exceeding $300.00;

      b.      Advertising expenses as shown on bills to be specified in the Marshal's Report of Sale;

      c.      Plaintiff shall receive $144,873.46, with interest thereon from April 21, 2021;

6. If the Plaintiff is the purchaser of the property at the sale, or if the rights of the purchaser at the sale and the terms of the sale under this judgment are assigned to and acquired by the Plaintiff and the Plaintiff provides a valid assignment to the United States Marshal, the Marshal shall not require the Plaintiff to pay the entire amount of the bid at the sale in cash.  The Marshal shall instead execute and deliver to Plaintiff a deed of the property sold upon payment to the Marshal of the amounts specified in paragraphs 5(a) and 5(b) above;

7. The balance of the amount bid, after deducting from that bid the amounts paid by the Plaintiff specified in paragraph 6 above, shall be paid to the Plaintiff as specified in paragraph 5(c) above;

8. If the balance of the amount bid exceeds the amount due the Plaintiff in paragraph 5(c) above, the Plaintiff shall pay to the United States Marshal the amount of that excess upon the Marshal's delivery of the deed to the property.  The Marshal shall then make the payments of that excess as herein directed;

9. The United States Marshal shall file with the Marshal's Report of Sale the status of the balance of the amount owed the Plaintiff in item 5(c) above;

10. If a balance remains from the proceeds of the sale after satisfying all of the

payments in paragraph 5 above, the United States Marshal shall deposit that money with the Clerk of Court, who will place the money in an appropriate account. That money shall be withdrawn only by order of the Court;

11. The United States Marshal shall file a Report of Sale with the Clerk of the Court. If the proceeds of the sale are insufficient to pay the amounts specified in paragraph 5 above, the Marshal shall report the remaining balance in the Report of Sale;

12. The purchaser of the property in question shall take possession of the property upon production of the United States Marshal's deed to that property; and

13. The Defendants in this action, as well as all persons claiming under them or any or either of them after filing of the Notice of Pendency of this action, are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises that were the subject of this action and each and every part and parcel thereof.

The property in question is the property described in Schedule A, attached hereto.

**IT IS SO ORDERED**

Dated: September 10, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

SCHEDULE "A"

THAT TRACT OR PARCEL OF LAND situate in the Town of Adams, County of Jefferson and State of New York, bounded and described as follows:

Beginning at a mag-nail set in the centerline of County Route 63 at the northwest corner of the lands of Hayes as described in Book of Deeds 1671 on Page 278, said beginning point also being South 25°25' 36" West a distance of 840.00 feet from the centerline intersection of County Route 63 and the North Harbor Road;

thence South 15°30' 10" East along the lands of Hayes (Bk 1671 Pg 278) on the east, a distance of 38.12 feet to an orange capped iron pipe set;

thence continuing, South 15°30' 10" East along the lands of Hayes (Bk 1671 Pg 278) on the east, a distance of 637.17 feet to an orange capped iron pipe set;

thence South 61°27' 14" West along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093) a distance of 132.01 feet to an orange capped iron pipe set;

thence continuing, South 61°27' 14" West along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093) a distance of 33 feet, more or less, to the centerline of a creek;

thence upstream following the centerline of the creek along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093), as it winds and turns in a general northwesterly direction, a distance of 312 feet, more or less, to a point;

thence North 59°25' 46" West along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093) a distance of 30 feet, more or less, to an orange capped iron pipe set;

thence continuing, North 59°25' 46" West along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093) a distance of 25.50 feet to a mag-nail set in the centerline of County Route 63, said point being 85.6 feet from the center of a concrete bridge;

thence North 29°43' 00" East along the centerline of County Route 63 as it curves to the left a chord distance of 17.85 feet to a mag-nail set at a point of tangency;

thence North 25°29' 03" East along the centerline of County Route 63, a distance of 582.15 feet to the point and place of beginning.

Contains 3.46 acres of land. Subject to the public use of County Route 63.

Parcel ID/Tax Account # 99.00-1-15.6