IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,  Civil No.: 5:19-cv-01635

Plaintiff

-v-

Kenneth J. Roof
15506 County Route 63
Adams Center, NY 13606

Christina M. Roof a/k/a Christina M. Elzinga
403 Shipyard Drive
Sackets Harbor, NY 13685

The New York State Affordable Housing Corporation
641 Lexington Avenue
New York, NY 10022

Samaritan Medical Center
830 Washington Street
Watertown, NY 13601

Rosina Vanself
409 Clay Street
Watertown, NY 13601

John Doe, Mary Roe, and XYZ Corporation
15506 County Route 63
Adams Center, NY 13606

## AMENDED JUDGMENT OF FORECLOSURE AND SALE

On the original Summons and Complaint and Notice of Pendency of this action, all filed in the office of the Clerk of this Court, and upon due proof of service upon each of the Defendants in this action, and upon the Affirmation of Nicole B. LaBletta, by all of which it appears to the

satisfaction of this Court that the Plaintiff is in all respects entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law, now upon the motion of the United States, it is

ORDERED, ADJUDGED AND DECREED, as follows:

That the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 15506 County Route 63, Adams Center, NY 13606, New York, a parcel of land improved with a single family home, to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

The name and phone number of the servicer for the Plaintiff is: United States Department of Agriculture, 1-800-414-1226.

That the sale be conducted at public auction at the Supreme Courthouse for the County of Jefferson, 317 Washington St., Watertown, NY 13601 or at another such suitable location, by and under the direction of Timothy A. Farley, Esq., whose address is 514 State Street, Carthage, NY 13619, who is hereby appointed Referee for that purpose; and it is further

The Appointed Referee shall cause public notice of the time and place of sale as follows, in accordance with New York Real Property Actions and Proceedings Law § 231:

The Appointed Referee cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

Kenneth J. Roof
15506 County Route 63
Adams Center, NY 13606

Christina M. Roof a/k/a Christina M. Elzinga
403 Shipyard Drive

Sackets Harbor, NY 13685

The New York State Affordable Housing Corporation
641 Lexington Avenue
New York, NY 10022

Samaritan Medical Center
830 Washington Street
Watertown, NY 13601

Rosina Vanself
409 Clay Street
Watertown, NY 13601

That the Appointed Referee shall cause the posting of copies of the Notice of Sale in three (3) conspicuous public places in Jefferson County, New York where the premises are located;

That the Appointed Referee cause the Notice to be published once weekly for four consecutive weeks in the Watertown Daily Times, a newspaper of general circulation published in Jefferson County, where the mortgaged premises are located. The Notice need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 15506 County Route 63, Adams Center, NY 13606;

The Plaintiff or any other party to this action may become a purchaser on such sale.

The Appointed Referee shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, Appointed Referee's fees and commissions on the said sale not exceeding, however, the sum of $600.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, Plaintiff shall receive the sum of $144,873.46, with interest thereon from April 21, 2021, the amount owing to the Plaintiff and secured by the mortgage which is the subject of this

action, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

THAT in case the Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to an acquired by the Plaintiff and a valid assignment thereof filed with the Appointed Referee, the Appointed Referee shall not require the Plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Appointed Referee of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by the Plaintiff, shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the Appointed Referee, upon delivery to it of said Appointed Referee's deed, the amount of said surplus; and that the Appointed Referee then shall make the payments as herein directed.

That the Appointed Referee take the receipt of the Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the Appointed Referee make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and

allowances, as aforesaid, the Appointed Referee specify the amount of such deficiency in the Appointed Referee's Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the Appointed Referee's deed to such premises; and that it is still further

ORDERED, ADJUDGED AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

The description of the said premises is attached hereto as Schedule A, as previously stated herein

IT IS SO ORDERED

DATED: May 8, 2023

Thomas McAvoy
UNITED STATES DISTRICT COURT

SCHEDULE "A"

THAT TRACT OR PARCEL OF LAND situate in the Town of Adams, County of Jefferson and State of New York, bounded and described as follows:

Beginning at a mag-nail set in the centerline of County Route 63 at the northwest corner of the lands of Hayes as described in Book of Deeds 1671 on Page 278, said beginning point also being South 25°25' 36" West a distance of 840.00 feet from the centerline intersection of County Route 63 and the North Harbor Road;

thence South 15°30' 10" East along the lands of Hayes (Bk 1671 Pg 278) on the east, a distance of 38.12 feet to an orange capped iron pipe set;

thence continuing, South 15°30' 10" East along the lands of Hayes (Bk 1671 Pg 278) on the east, a distance of 637.17 feet to an orange capped iron pipe set;

thence South 61°27' 14" West along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093) a distance of 132.01 feet to an orange capped iron pipe set;

thence continuing, South 61°27' 14" West along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093) a distance of 33 feet, more or less, to the centerline of a creek;

thence upstream following the centerline of the creek along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093), as it winds and turns in a general northwesterly direction, a distance of 312 feet, more or less, to a point;

thence North 59°25' 46" West along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093) a distance of 30 feet, more or less, to an orange capped iron pipe set;

thence continuing, North 59°25' 46" West along a new boundary line through the lands of DeGraff (Bk 2004 Pg 17093) a distance of 25.50 feet to a mag-nail set in the centerline of County Route 63, said point being 85.6 feet from the center of a concrete bridge;

thence North 29°43' 00" East along the centerline of County Route 63 as it curves to the left a chord distance of 17.85 feet to a mag-nail set at a point of tangency;

thence North 25°29' 03" East along the centerline of County Route 63, a distance of 582.15 feet to the point and place of beginning.

Contains 3.46 acres of land. Subject to the public use of County Route 63.

Parcel ID/Tax Account # 99.00-1-15.6